**UNITED STATES of America, Appellee,**

v.

**SUNSET COVE, INC., an Oregon Corporation, Appellant.**

No. 73–2198.

United States Court of Appeals, Ninth Circuit.

April 11, 1975.

**1090**

James C. Maletis (argued), Maletis & Thorpe, Portland, Or., for appellant.

Edmund B. Clark, Atty., Dept. of Justice (argued), Washington, D. C., for appellee.

Before CHAMBERS, ELY and GOODWIN, Circuit Judges.

PER CURIAM:

The district court ordered the removal of about 1760 lineal feet of riprap (rock used for construction foundations) and fill material from a sandspit at the mouth of the Necanicum River. Sunset Cove, Inc., the developer of the sandspit, appeals. The judgment is affirmed as modified.

Sunset, apparently acting upon its belief that the Necanicum River was not a navigable stream within the meaning of 33 U.S.C. § 403, attempted to fill and stabilize the shoreline of a tract of land it had acquired from the city of Seaside, without requesting authorization from the Secretary of the Army.

Because of seasonal movement of the Necanicum channel and the migratory character of the shoals and sandbars within the area of its confluence with the sea, the sandspit in question has historically tended to expand and retract up and down the coast from north to south. In recent years northwest expansion has preponderated. Sunset acquired whatever title the city had to the sandspit during one of its more northerly extensions. Sunset then undertook to stabilize the sandspit against further erosion by the emplacement of riprap and by filling and elevating the surface to create building sites.

The district court, in findings of fact which are not clearly erroneous, found the Necanicum to be navigable and located the mean high-water line at a level that effectively declared the major part of Sunset's fill to be in violation of 33 U.S.C. § 403.

Substantial trial time was devoted to Sunset's efforts to establish some sort of estoppel against the Portland District of the United States Army Corps of Engineers. The court correctly found no basis for estoppel. Sunset was acting at its peril when, without permission it undertook to make improvements which effected permanent changes in the river channel and in its course.

In allowing the government's prayer for relief, the district court ordered the total removal of the illegal landfill. Such an operation is, as a practical matter, far beyond the resources of Sunset or its principals. Here, we believe the court might have tempered the law with a touch of equity.

The judgment should be modified to require the removal of as much of the riprap as will permit nature, in a reasonable period of time, to take its course and approximately re-establish former topographic conditions. The manner of removal, with the above standard as a guideline, should be supervised by the Chief of Engineers or his designee, pursuant to that officer's statutory responsibilities pertaining to navigable waters. In all other respects, the judgment of the district court is affirmed.

The district court may stay its judgment, if it sees fit, for a reasonable time to allow the defendant to apply to the Chief of Engineers for an after-the-fact permit to cover any part of the previous construction the Chief of Engineers may recommend for approval. *See* 33 C.F.R. § 209.120(g)(12)(ii)(b) (1974).

Affirmed in part; modified in part, and remanded.